INTERSTATE COMPRESS CO. v. AGNEW.

(Circuit Court of Appeals, Eighth Circuit.    March 29, 1919.)

No. 5012.

APPEAL AND ERROR ⊂⟳169—SCOPE OF REVIEW—ISSUES NOT HEARD BELOW.
    On writ of error an appellate court can only review those issues which
    were heard in the court below.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action at law by J. W. Agnew against the Interstate Compress Company. Judgment for plaintiff, which on error was reversed. 255 Fed. 508, —— C. C. A. ——. On petition for rehearing. Denied.

James R. Keaton, of Oklahoma City, Okl. (Frank Wells and David I. Johnston, both of Oklahoma City, Okl., on the brief), for plaintiff in error.

Everett Petry, of Tulsa, Okl., for defendant in error.

Before SANBORN, Circuit Judge, and TRIEBER, District Judge.

TRIEBER, District Judge.    Defendant in error in his petition for rehearing calls our attention to the act of the state of Oklahoma, known as the Uniform Warehouse Receipts Act, of March 30, 1915 (Laws 1915, c. 288), and the fact that a number of the bales of cotton destroyed had been delivered to the plaintiff in error for storage thereafter.

We did not overlook that fact, but the effect of this act of 1915 was not raised at the trial in the court below.    There was no reference to it in the charge to the jury, nor did either party request any instructions as to the liability of the plaintiff in error under that act.    The court in its charge declared the conditions in the warehouse receipts void as being against the public policy of the state, evidently in deference to the opinion of the Supreme Court of Oklahoma in Inland Compress Co. v. Simmons, 159 Pac. 262.    The decision in that case was not based on the statute now invoked, but on a general proposition of law.

On writ of error an appellate court can only review those issues which were heard in the court below.    It is not permissible for one to ask the appellate court to dispose of the case on a theory different entirely from that on which the case was tried in the trial court.

Counsel in their brief only called attention to the act of 1915 for the purpose of showing what the public policy of the state is.    He stated in his brief:

"As further evidence of the tendency of public policy, a large number of the states of the Union, including Oklahoma, have adopted what is known as the 'Uniform Warehouse Receipts Act,' prepared by the American Bar Association, which is an effort to codify the common law thereon, and adopt the best and soundest rule in the event of variance of the authorities."

Nothing that was said in our opinion prevents the defendant in error from raising that question by proper pleadings when the cause is

retried. The reversal by this court was "with instructions to grant a new trial and proceed in conformity with this opinion."

In order that there may be no doubt as to what we have decided, we now state that the question of the liability of the plaintiff in error for the loss of cotton delivered for storage to the plaintiff in error after March 30, 1915, is not foreclosed by anything said in our opinion.

The motion for rehearing is denied.